IN THE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROBERT LARISON,

       Plaintiff,                              CASE NO: 3:20-cv-01140-BJD-JRK

v.

FEDERAL DEPOSIT INSURANCE
CORPORATION, AMERIS BANK, and
AMERIS BANCORP INC.,

       Defendants.
_____/

## AMENDED COMPLAINT

COMES NOW Plaintiff ROBERT LARISON ("Larison"), by and through the undersigned counsel, and files this Complaint against Defendants FEDERAL DEPOSIT INSURANCE CORPORATION ("FDIC"), a federal government agency, AMERIS BANK, a foreign profit corporation, and AMERIS BANCORP, INC., a foreign profit corporation, and in support thereof states the following:

### PARTIES, JURISDICTION, AND VENUE

1. This is an action for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201. Alternatively, this is an action for review of a final agency action under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.* ("APA"), seeking judicial review of a final agency action of Defendant FDIC that has caused

1

Plaintiff to suffer legal harm, adversely affected Plaintiff, aggrieved Plaintiff, or all three.

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that this action involves a federal question under the APA and the Declaratory Judgment Act in that it seeks a declaratory judgment, and pursuant to 12 U.S.C. § 1219(b)(2), as the FDIC is a party defendant and, as such, this action is deemed to arise under the laws of the United States.

3. At all times material, Plaintiff maintained his residence in St. Augustine, St. Johns County, Florida.

4. Defendant FDIC is an independent agency of the United States Government. At all times material, Defendant FDIC held supervisory authority over Defendant Ameris Bank.

5. Defendant Ameris Bank is a foreign profit corporation incorporated in Georgia. Defendant Ameris Bank is the successor by merger to Atlantic Coast Bank, which was a foreign profit corporation headquartered in Jacksonville, Florida and Atlantic Coast Financial Corporation, which was a foreign profit corporation headquartered in Jacksonville, Florida.

6. Defendant Ameris Bancorp is a foreign profit corporation incorporated in Georgia and is the holding company for Defendant Ameris Bank.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as this District and Division is the location in which "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated," particularly, this District and Division is the location where Plaintiff entered into the contract at issue in the instant case.

8. Each of the parties herein is an appropriate and necessary party to the instant action in that each has an interest in the outcome of any declaration of the rights and obligations of the parties pursuant to the subject Supplemental Retirement Agreement ("SERP") described herein.

9. Further, Plaintiff is a person who has been adversely affected and suffered a legal wrong by an "agency action" as defined in the APA, 5 U.S.C. §§ 551(13) and 701, as committed by Defendant FDIC, an "agency" within the meaning of the APA. 5 U.S.C. § 551(1).

**GENERAL ALLEGATIONS**

10. At the time his employment was terminated, Plaintiff was employed by Atlantic Coast Bank as its President and by Atlantic Coast Financial Corporation, Atlantic Coast Bank's holding company, as its Chief Operating Officer.

11. During the course of his employment, Plaintiff executed his SERP on November 1, 2002, and several subsequent versions modifying the original agreement. The SERP entitled Plaintiff to deferred compensation to be paid

beginning upon Plaintiff reaching the age of 55, and to continue being paid for the following 180 months. (Exh. A, B, C, D)

12. The parties to the SERP were Plaintiff and Atlantic Coast Bank.

13. Despite the inclusion of the term "Retirement" in the name of the agreement, Plaintiff became entitled to the payment of his SERP benefits once he reached the age of 55, regardless of whether Plaintiff had retired or was still employed.

14. In 2010, Atlantic Coast Bank was deemed to be in "troubled condition" by the Office of Thrift Management for the purposes of 12 C.F.R. § 303.101(c).

15. Due to the "troubled condition" designation, as defined by 12 C.F.R. § 303.101(c), there was a question as to whether Plaintiff's SERP would be barred from being paid as a "golden parachute," as defined by 12 C.F.R. Part 359, absent approval from the FDIC to make Plaintiff's SERP payments.

16. Atlantic Coast Bank remained in troubled condition until its merger by acquisition by Ameris Bank in 2018.

17. Plaintiff turned 55 years old on February 9, 2012, thereby becoming entitled to payment of benefits under his SERP on March 1, 2012, the first day of the month after Plaintiff reached the age of 55.

18. On June 30, 2012, Atlantic Coast Bank terminated Plaintiff from his employment with both Atlantic Coast Bank and Atlantic Coast Financial Corporation. (Exh. E)

19. Because of Atlantic Coast Bank and Atlantic Coast Financial Corporation's concern that Plaintiff's SERP was a golden parachute, it failed to pay Plaintiff the benefits he was owed under the SERP.

20. To clarify the rights and obligations of the parties, Plaintiff has twice requested a determination from Defendant FDIC as to whether his SERP benefits are a golden parachute, with Defendant FDIC determining Plaintiff's SERP is a golden parachute on September 19, 2018 and September 3, 2020, but did not issue a complete determination. (Exh. F, G) Plaintiff therefore requested a third review, which the FDIC completed on April 14, 2021 (Exh. H)

21. In its most recent determination, Defendant FDIC improperly determined that Plaintiff's SERP was contingent on termination, when the language of Plaintiff's SERP required payment upon Plaintiff reaching age 55. (Exh. A, B, C, D) FDIC therefore wrongfully determined that the SERP constituted a "golden parachute" when it did not.

22. In its most recent determination, the FDIC also reviewed the incorrect SERP as being the final SERP before the lookback period, which is the relevant SERP in determining whether amendment of the SERP resulted in the payment of

5

greater compensation, thereby creating additional error in its "golden parachute" evaluation. (Exh. A, B, C, D, H)

## COUNT I: DECLARATORY JUDGMENT

23. Plaintiff realleges paragraphs 1-22 as if fully reinstated herein.

24. This is an action for declaratory judgment of the rights and obligations of Defendants Ameris Bank and Ameris Bancorp and Plaintiff in connection with Plaintiff's SERP and the FDIC's determination letters.

25. A *bona fide* dispute and controversy, presenting an actual and genuine need for judicial declaration, exists between the parties as to their respective rights and obligations pursuant to the SERP. Plaintiff stands to suffer real injury in the loss of his SERP benefits if Defendant FDIC's erroneous decision is allowed to stand and prevent Defendants Ameris Bank and Ameris Bancorp from complying with its obligations under the SERP.

26. At present, Plaintiff has no adequate remedy at law, in that he has no standing or ability to administratively challenge Defendant FDIC's decision to declare the SERP a prohibited "golden parachute" payment. Additionally, Plaintiff is barred by Defendant FDIC from requesting payment from Defendant FDIC because of the "golden parachute" designation, as Defendant FDIC requires applications from both Defendants Ameris Bank and Ameris Bancorp to consider the approving the purported "golden parachute" payments.

27.  If the payments to Plaintiff contemplated by the SERP is not, as a matter of law, a "golden parachute" defined and contemplated by 12 C.F.R. § 359.1(f), the FDIC has no legal basis to withhold approval of the SERP payments and Defendants Ameris Bank and Ameris Bancorp would be obligated to release the SERP payments to Plaintiff.

28.  The action by Defendant FDIC in declaring that Plaintiff's SERP is a prohibited "golden parachute" has had a substantial adverse impact on Plaintiff's rights and entitlement to receive the payments contemplated by the SERP. This dispute can only be resolved through a judicial declaration regarding the proper legal interpretation of 12 C.F.R. §§ 3591(f) and 359.2, as applied to the terms of the SERP pertaining to the payment of the SERP benefits to Plaintiff by Defendants Ameris Bank and Ameris Bancorp.

29.  Pursuant to 28 U.S.C. § 2202, this Court should also order enforcement of the SERP by requiring Defendant FDIC not to withhold approval of the payments to Plaintiff as provided in the SERP, and directing Ameris Bank and Ameris Bancorp, as successors in interest to Atlantic Coast Bank to immediately release the unpaid SERP payments to Plaintiff, and to continue payment of Plaintiff's SERP benefits consistent with the manner directed in the SERP.

WHEREFORE, Plaintiff ROBERT LARISON requests that this Court enter judgment as follows:

(A)     declaring that the payments to be made to Plaintiff pursuant to the SERP are not prohibited "golden parachute" payments under 12 C.F.R. §§ 359.1(f) and 359.2;

(B)     directing that Defendant FDIC approve the payments to be made to Plaintiff pursuant to the SERP inasmuch as they are not prohibited "golden parachute" payments and there is no legal impediment to such approval other than the FDIC's "golden parachute" regulations;

(C)     directing that, following such FDIC approval, Defendants Ameris Bank and Ameris Bancorp immediately release and disburse all owed but unpaid SERP payments to Plaintiff under the SERP, and continue to release the remaining SERP payments in accordance with the payment schedule provided in the SERP.

(D)     awarding Plaintiff his costs of this action; and

(E)     ordering such supplementary relief as this Court deems just and equitable.

### COUNT II: JUDICIAL REVIEW UNDER THE ADMINISTRATIVE PROCEDURES ACT
#### (Pled in the Alternative)

30.     Plaintiff realleges paragraphs 1-22 as if fully reinstated herein.

31.     This is an alternative action for declaratory relief under the APA in that Plaintiff is a person who has been adversely affected and aggrieved by an agency

action, namely the decision of Defendant FDIC to declare the SERP a prohibited "golden parachute" payment as defined under and contemplated by 12 C.F.R. § 359.1(f). The "agency action" that Plaintiff seeks to invalidate is exclusively Defendant FDIC's initial threshold decision to deem the SERP a "golden parachute" payment under 12 C.F.R. § 359.1(f).

32. Defendant FDIC's decision that the SERP was and is a "golden parachute" payment under 12 C.F.R. § 359.1(f) should be declared invalid under the APA in that in that it was arbitrary, capricious, clearly erroneous, unreasonable, and otherwise not in accordance with applicable law. The SERP did not involve payments to Plaintiff that are "contingent on, or by its terms payable on or after, the termination of such party's primary employment . . ." because the SERP payments were necessarily payable between March 1, 2015 and February 1, 2030, regardless of whether Plaintiff was still employed for Atlantic Coast Bank; if Plaintiff had continued employment with Atlantic Coast Bank until February 1, 2020 (when payments would cease 180 months following the time the SERP became payable), no portion of the SERP would have become payable "on or after" Plaintiff's retirement, as required by 12 C.F.R. § 359.1(f)(1)(ii)(a).

33. Defendant FDIC's decision that the SERP was and is a "golden parachute" payment under 12 C.F.R. § 359.1(d)(3)(ii) should be declared invalid under the APA in that in that it was arbitrary, capricious, clearly erroneous,

9

unreasonable, and otherwise not in accordance with applicable law. The amendments to the SERP during and following the applicable "look-back period" did not increase the benefits payable to Plaintiff, as such amendments were based compensation on a formula involving stock values which would have resulted in lower SERP payments than payments calculated based upon Plaintiff's compensation history.

34. Defendant FDIC's September 13, 2018, September 3, 2020, and April 14, 2021 determination letters that declared the SERP payments to Plaintiff to be prohibited "golden parachute" payments under 12 C.F.R. § 359.1(f) have (i) cast doubt and uncertainty as to the rights and obligations of Plaintiff and Defendants Ameris Bank and Ameris Bancorp, and (ii) caused Plaintiff legal harm, adversely affected Plaintiff, and/or aggrieved Plaintiff.

35. Plaintiff is entitled to have this Court declare Defendant FDIC's decision that the SERP was and is a "golden parachute" payment under the 12 C.F.R. § 359.1(f) declared to be unlawful, in that it was and is arbitrary, capricious, clearly erroneous, unreasonable, and otherwise not in accordance with applicable law. With such declaration, Defendant FDIC must approve the SERP and the payments thereunder to Plaintiff.

WHEREFORE, Plaintiff ROBERT LARISON requests that this Court enter judgment as follows:

(A)  declaring that the payments to be made to Plaintiff pursuant to the SERP are not prohibited "golden parachute" payments under 12 C.F.R. §§ 359.1(f) and 359.2 and that Defendant FDIC's decision to the contrary is arbitrary, capricious, clearly erroneous, and otherwise not in accordance with applicable law;

(B)  directing that Defendant FDIC approve the SERP inasmuch as the payments to be made to Plaintiff thereunder are not prohibited "golden parachute" payments;

(C)  directing that, following such FDIC approval, Defendants Ameris Bank and Ameris Bancorp immediately release and disburse all owed but unpaid SERP payments to Plaintiff under the SERP, and continue to release the remaining SERP payments in accordance with the payment schedule provided in the SERP;

(D)  awarding Plaintiff his costs of this action; and

(E)  ordering such supplementary relief as this Court deems just and equitable.

Respectfully submitted this 17th day of May, 2021.

                                  **DELEGAL & POINDEXTER, P.A.**

                                  /s/ T.A. Delegal, III
                                  **T.A. DELEGAL, III**
                                  Fla. Bar No.: 892701
                                  Email: tad@delegal.net

Secondary email: office@delegal.net
**JAMES C. POINDEXTER**
Fla. Bar No.: 0116039
Email: james@delegal.net
**ALEXANDRA E. UNDERKOFLER**
Fla. Bar No.: 1018209
Email: alex@delegal.net
**DELEGAL & POINDEXTER, P.A.**
424 E. Monroe Street
Jacksonville, Florida 32202
Telephone: (904) 633-5000
Facsimile: (904) 358-2850
Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing document has been filed using the CM/ECF system and that a copy of the filing has been automatically served by email on the following:

John T. Rogerson, III
Florida Bar No. 832839
Email: john.rogerson@arlaw.com
James N. Floyd
Florida Bar No. 0114216
Email: james.floyd@arlaw.com
Attorneys for Defendants Ameris Bank and Ameris Bancorp

Eric Bond
NY Bar Reg. No. 4316030
Email: erbond@fdic.gov
Attorney for Defendant FDIC

/s/ Tad Delegal
Tad Delegal